UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY PETERSON and SCOTT
PIWINSKI,

    Plaintiffs,

v.                      Case No. 8:13-cv-1683-T-33EAJ

AVANTAIR, INC., STEVEN F.
SANTO, BRET A. HOLMES, and
DAVID HASLETT,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court in consideration of the Individual Defendants' Motion to Stay Proceedings (Doc. # 15), filed on August 9, 2013. Plaintiffs filed a response in opposition to the Motion (Doc. # 16) on August 20, 2013. Also before the Court is the Individual Defendants' Second Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (Doc. # 17), filed on August 21, 2013. For the reasons that follow, the Court grants Defendants' Motion to Stay and denies as moot Defendants' Motion for Enlargement of Time.

**I.   Background**

Plaintiffs Mary Peterson and Scott Piwinski are former employees of Defendant Avantair, Inc. (Doc. # 4 at ¶ 11).

Defendants Steven Santo, Bret Holmes, and David Haslett (collectively referred to herein as the "Individual Defendants") are allegedly former "corporate officers and senior management of Avantair." (Id. at ¶ 14). Plaintiffs allege that, on or about June 26, 2013, Avantair "notified Plaintiffs that [Avantair was] not in a position to fund payroll for time worked since June 8, 2013." (Id. at ¶ 17).

On June 28, 2013, Plaintiffs initiated the instant action against Defendants, alleging that (1) Defendant Avantair failed to provide appropriate notice of termination as required by the Worker Adjustment and Retraining Notification Act, and (2) all Defendants violated the minimum wage requirements of the Fair Labor Standards Act, as well as the Florida Constitution, by failing to pay Plaintiffs for any hours worked after June 8, 2013. (Id. at ¶¶ 56-73).

On August 9, 2013, the Individual Defendants filed a Notice informing the Court that Defendant Avantair is subject to bankruptcy proceedings "commenced on July 25, 2013, . . . and that all matters against Avantair are therefore stayed pursuant to 11 U.S.C. § 362." (Doc. # 14). Also on August 9, 2013, the Individual Defendants

2

filed the instant Motion to Stay Proceedings, requesting a stay of the entire action in light of the automatic bankruptcy stay already in effect with respect to Defendant Avantair. (Doc. # 15). Plaintiffs filed a response in opposition to the Motion on August 20, 2013. (Doc. # 16). The Court has carefully reviewed the Motion, as well as the response, and is otherwise fully advised in the premises.

**II.  Analysis**

In opposing the Motion to Stay, Plaintiffs argue that, although this case is properly stayed as to Debtor-Defendant Avantair pursuant to section 362, "there are no unusual circumstances justifying applying the stay to the Individual Defendants." (Doc. # 16 at 2-3) (citing A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) ("[I]n order for relief for . . . non-bankrupt defendants to be available under [section 362], there must be 'unusual circumstances.'")). The Court agrees that "the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors." In re Sunbeam Secs. Litig., 261 B.R. 534, 536 (S.D. Fla. 2001). However, the Individual Defendants do not argue that Plaintiffs' claims against them should be stayed automatically as a result of the section 362 stay applicable to Avantair; rather, these

3

Defendants argue that the Court's discretionary entry of a stay as to the non-debtor Defendants would promote judicial efficiency by avoiding "duplicative discovery, multiple hearings and inconsistent results." (Doc. # 15 at 5). The Court agrees.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." Dunn v. Air Line Pilots Ass'n, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) (quoting Landis, 299 U.S. at 254-55).

The Court determines that a stay of this action is appropriate in order to avoid piecemeal litigation, as Plaintiffs' claims against all Defendants are comprised of common questions of law and fact more suitably resolved in a single proceeding. As the Individual Defendants indicate in the Motion to Stay, the operative complaint "contains no separate count against the Individual Defendants and does

not seek any separate relief from the Individual Defendants. The sole basis, if any, for recovery from the Individual Defendants would be individual liability based on the very same facts alleged against Avantair. The same legal analysis under the FLSA would apply to both parties." (Doc. # 15 at 5). The Court thus declines to permit this case to proceed between Plaintiffs and the Individual Defendants at this juncture.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Individual Defendants' Motion to Stay Proceedings (Doc. # 15) is **GRANTED.**

(2) This case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the resolution of the bankruptcy proceedings against Defendant Avantair, Inc.

(3) Every sixty (60) days following the date of this Order, the parties shall file a joint status report concerning the bankruptcy proceedings involving Defendant Avantair, Inc., as those proceedings relate to this action.

(4) The Individual Defendants' Second Motion for Enlargement of Time to Respond to Plaintiff's Amended Complaint (Doc. # 17) is **DENIED** as moot.

5

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of August, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record